RECEIVED
BY
MAY 3 1 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

NATIONAL CITY MORTGAGE CO.        CIVIL ACTION NO. 06-0582

versus                            JUDGE HICKS

FIRST CONTINENTAL MORTGAGE        MAGISTRATE JUDGE HORNSBY
COMPANY, LLC

## MEMORANDUM ORDER

National City Mortgage Co. ("National City") filed this action against First Continental Mortgage Company, LLC ("the LLC") based on an assertion of diversity jurisdiction. The LLC has filed a motion to dismiss that argues National City has not met its burden of establishing the requisite amount in controversy. Before the court reaches that issue, National City must amend it complaint to properly allege the citizenship of the LLC. The original complaint alleges that the LLC is a Louisiana limited liability company with its principal place of business in Louisiana. That is not a sufficient allegation to ensure the presence of diversity jurisdiction.

Most states deem an LLC to be an unincorporated association. See, e.g., La. R.S. 12:1301(10). An unincorporated association is a citizen of each state of which any member is a citizen. Its state of organization and principal place of business are irrelevant. Cosgrove v. Bartolotto, 150 F.3d 729, 731 (7th Cir. 1998); Handelsman v. Bedford Village Assocs. L.P., 213 F.3d 48 (2d Cir. 2000); GMAC Commercial Credit LLC v. Dillard Dept. Stores, Inc., 357 F.3d 827 (8th Cir. 2004); Belleville Catering Co. v. Champaign Market Place,

LLC, 350 F.3d 691, 694 (7th Cir. 2003); Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("Notwithstanding LLCs' corporate traits, however, every circuit that has addressed the question treats them like partnerships for the purposes of diversity jurisdiction.").

Accordingly, National City is directed to file an amended complaint (or a motion for leave to amend if leave is then required under F.R.C.P. 15) by **June 16, 2006** that identifies and alleges the citizenship of *each* member of the L.L.C. If members are themselves entities or associations, the citizenship must be traced through however many layers of members there may be, and failure to do so can result in dismissal for want of jurisdiction. Meyerson v. Harrah's East Chicago Casino, 299 F.3d 616 (7th Cir. 2002).

National City is granted leave to conduct discovery, if necessary, to learn the identity and citizenship of the members of the LLC. Formal discovery on this issue is often unnecessary because counsel for an LLC or other entity will voluntarily provide opposing counsel with the necessary information, and the court encourages such cooperation in this case. If National City has to pursue formal discovery to learn the information necessary to plead the citizenship of the LLC, it may request more time to file its amended complaint.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 30th day of May, 2006.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE